CA

Page 1 of 12 FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

JUN 3 2015

CHRISTOPHER A. PRINE
CLERK

Cause # 11-DCV-187877

| | | |
|---|---|---|
| NEWELL M. EVANS | ( | IN THE DISTRIST COURT |
| | ) | |
| VS | ( | 240th JUDICIAL DISTRICT |
| | ) | |
| THEODORE P. FULLER | ( | FORT BEND COUNTY, TEXAS |

MAILED
0. 1. 15

Cause # 14-14-01019-CV

| | | |
|---|---|---|
| NEWELL M. EVANS | ) | In the 14th COURT of APPEALS |
| | ( | |
| VS | ) | Houston, Texas, Harris County |
| | ) | |
| THEODORE P. FULLER | ( | |

## MOTION FOR RECONSIDERATION
## OF
### ORDER SUSTAINING CONTEST OF INDEGENCE
### Alternatively
## MOTION TO EXTEND TIME FOR REVIEW
## OF
## ORDER SUSTAINING CONTEST OF INDIGENCE

To:   The Clerk of the District Court
      Fort Bend County, Texas.

From: Newell M. Evans
      206 Collins Rd.
      Richmond, TX. 77469
      Ph. # 281-341-6636

Re:   MOTION FOR RECONSIDERATION of ORDER SUSTAINING CONTEST of INDIGENCE.

Dear Ms. Elloitt

How are you? I pray that you and yours are fine. We are Ok.

I'm submitting two (2) complete copies of appellant Newell M. Evans' motion for reconsideration of order sustaining contest of indigence. One for the Court; and one to be returned to me.

Please find for filing among these papers: (1) appellant Newell M. Evans' motion for reconsideration of order sustaining contest of indigence.
 (2) Order; (3) Certificate of Service at Last Known Address.

Please stamp my copy of this appellant's motion for reconsideration of order sustaining contest of indigence and return it to me. Please, immediately send original to the Court. ASAP.

Thanks in advance for your customary assistance with this matter.

Respectfully submitted,

Mr. Newell M. Evans- Pro se
206 Collins Rd.
Richmond, TX. 77469
Ph. # 281-341-6636
The_Masterprogrammer@yahoo.com

Cause # 11-DCV-187877

| | | |
|---|---|---|
| NEWELL M. EVANS | ( | IN THE DISTRIST COURT |
| | ) | |
| VS | ( | 240th JUDICIAL DISTRICT |
| | ) | |
| THEODORE P. FULLER | ( | FORT BEND COUNTY, TEXAS |

Cause # 14-14-01019-CV

| | | |
|---|---|---|
| NEWELL M. EVANS | ) | In the 14th COURT of APPEALS |
| | ( | |
| VS | ) | Houston, Texas, Harris County |
| | ) | |
| THEODORE P. FULLER | ( | |

## MOTION FOR RECONSIDERATION
## OF
## ORDER SUSTAINING CONTEST OF INDIGENCE
### Alternatively
### MOTION TO EXTEND TIME FOR REVIEW
### OF
### ORDER SUSTAINING CONTEST OF INDIGENCE

To the Honorable Judge Thomas R. Culver III, and to the Honorable Judges of the 14th Court of Appeals:

Now comes Newell M. Evans, here-in-after, referred to as appellant; moving

this District Court of Judge Thomas R. Culver III (240th Judicial District, Fort

Bend County); and to the Honorable Judges of the 14th Court of Appeals:

for reconsideration of order sustaining contest of indigence filed on May 13, '15,

by Associate Judge Pedro Ruiz. Alternatively, appellant moves this Court of

Appeals to admit "late filing" of this motion to extend time for review of order sustaining contest of indigence. (And, accede to an informal (T.R.A. P. # 2) Motion to Suspend the Rules; and to allow an Extension of Time (20 days) to File Informal Brief on this Motion to Extend Time for Review of Order Sustaining Contest of Indigence (pursuant to the trial courts issuance of findings of facts and conclusions of law); wherein, here-in-after, Theodore P. Fuller, is appellee. In support of this motion reconsideration of order sustaining contest of indigence filed on May 13, '15, by Associate Judge Pedro Ruiz. (And, alternatively, appellant moves this Court of Appeals to admit "late filing" of this motion to extend time for review of order sustaining contest of indigence (and, accede to an informal (T.R.A. P. # 2) Motion to Suspend the Rules; and to allow an Extension of Time (20 days) to File Informal Brief on this Motion to Extend Time for Review of Order Sustaining Contest of Indigence (pursuant to the trial courts issuance of findings of facts and conclusions of law)); appellant would show unto the Court(s) as follows.

I
PRELEMINARY MATTERS

**The relevant pleadings and exhibits submitted with/included in "First Amended of Notice of Intention to Appeal Denial of Motion for Reinstatement" (Filed with the Clerk of 14th Court of Appeals – Houston, Texas, on Dec. 29, '14); and Request for an Extension of Time to File Accelerated Appeal of Denial of Motion for Reinstatement (Filed with the**

**<u>Clerk of 14th Court of Appeals – Houston, Texas, on Mar. 30, '15); are hereby</u>**

**<u>adopted by reference; as if incorporated verbatim.</u>**

No extensions of time have previously been granted in this "Motion for Reconsideration; or alternative motion to Extend Time for Review of Order Sustaining Contest of Indigence."

This is not an appeal in a termination of parental right case; nor is it an appeal in child protection case.

Appellant believes that under 10.5(b)(1)(A) and 20.1(j)(2) of the T.R.A.P; that motion for review of order sustaining contest of indigence, should've been filed by May 24th, '15. But, appellant did not have actual knowledge of the "Written Order Sustaining Contest of indigence," until May 26. '15. Applying 10.5(b)(1)(A) and 20.1(j)(2) of the T.R.A.P; the motion for review of order sustaining contest of indigence, should be filed by June 08th, "15.

Appellant in this motion to extend time for review of order sustaining contest of indigence; by informal (T.R.A. P. # 2) motion to suspend the rules; beeches this 14th Court of Appeals to allow an extension of time (20 days) to file informal brief

on this motion to extend time for review of order sustaining contest of indigence; pursuant to the trial courts issuance of findings of facts and conclusions of law.

Appellant does not believe a conference with any opposing party should be required; as prerequisite to filing the motion for reconsideration/review.

## II
## Supervening Issue

This contest of indigence was tried to Associate Judge Pedro Ruiz; under District Court Judge Thomas R. Culver III (240th Judicial District, Fort Bend County).

As Associate Judge, Pedro Ruiz, takes pains to explain to litigants that his rulings are "appealable," to his immediate supervisor; 240th Judicial District Court Judge in Fort Bend County, Thomas R. Culver III.

So, appellant files this motion for reconsideration with that in mind. Appellant understands that under 20.1(j)(1) and (2) of the T.R.A.P; that "review," of order sustaining contest of indigence, should be by motion to the court of appeals; within 10 days after the order sustaining the contest is signed, or within 10 days after the notice of appeal is filed, whichever is later.

But, as stated, Associate Judge Pedro Ruiz, takes pains to explain to litigants that his rulings are "appealable," to his immediate supervisor; 240th Judicial District Court Judge in Fort Bend County, Thomas R. Culver III.

Consequently, appellant pray that this 14th Court of Appeals acknowledge receipt of appellant's "Motion for Review," of Associate judge Ruiz's May 13th, '15 order sustaining the contest of indigence. Then abate said motion; pending outcome of appellant's motion for reconsideration of Associate judge Ruiz's May 13th, '15 order sustaining the contest of indigence; by Judge Culver.

In the event that appellant's motion for reconsideration is "summarily denied," appellant's prays that the trial court would at least provide the appellate court with findings of fact, and conclusions of law; pursuant to Associate judge, Ruiz's May 13th, '15 order sustaining the contest of indigence.

III
Procedural Matters

**1. This contest of indigence was tried to Associate Judge, Pedro Ruiz; under District Court Judge, Thomas R. Culver III (240th Judicial District, Fort Bend County). After a continuance or two, the final hearing was held on May 07, '15. The written "Order Sustaining Contest of indigence," was issued on May**

**13, '15. Appellant did not have actual knowledge of the written "Order Sustaining Contest of indigence," until May 26. '15.** Appellant believes that under 10.5(b)(1)(A) and 20.1(j)(2) of the T.R.A.P; that motion for review of order sustaining contest of indigence, should've been filed by May 24ᵗʰ, '15. But, appellant did not have actual knowledge of the written "Order Sustaining Contest of indigence," until May 26. '15. Applying 10.5(b)(1)(A) and 20.1(j)(2) of the T.R.A.P; the motion for review of order sustaining contest of indigence, should be filed by June 08ᵗʰ, "15. If attainment of actual knowledge is not the criteria to use in determining the last day for filing motion for review of order sustaining contest of indigence, in the Court of Appeals, appellant beeches this court of appeals to admit "late filing" of this motion to extend time for review of order sustaining contest of indigence. (And, accede to an informal (T.R.A. P. # 2) motion to suspend the rules; and to allow an extension of time (20 days) to file informal brief on this motion to extend time for review of order sustaining contest of indigence; pursuant to the trial courts issuance of findings of facts and conclusions of law)).

IV
Grounds

 **Appellant contends that this written "Order Sustaining Contest of indigence," issued on May 13, '15 should be over ruled on the grounds of "Abuse of Discretion". Because, the lower court admitted direct positive**

documentary evidence establishing a prima facie right to free "record." i.e. Appellant submitted and the court admitted documents showing that appellant was receiving food stamps/S.N.A.P. benefits; and supplemental security income/S.S.I. (based on disability). And, this evidence was uncontroverted, the opposing party offered no evidence to rebut the prima facie showing that was established. As best appellant can determine trial court chose simply to disbelieve direct, positive evidence that established the prima facie case for appellant's right to free "record." Which, in the humble opinion of appellant, should be sufficient grounds to overrule the decision of the trial court for "Abuse of Discretion".

934 S.W.2d 349

Supreme Court of Texas.

GRIFFIN INDUSTRIES, INC., Larry Findley, Fermin Carlos Garza, David Gonzales, Russell McNorton, and Henry Villarreal, Relators,

v.

THE HONORABLE THIRTEENTH COURT OF APPEALS, Respondent.

No. 96–0101.

**Argued April 18, 1996.Decided Nov. 15, 1996.**

Under provision of Rules of Appellate Procedure governing appeals by indigent parties, burden of proof at hearing on contest to affidavit of inability to pay costs rests on appellant to sustain allegations in affidavit, and appellant must prove that she could not pay costs of appeal if really wanted to and made good faith effort to do so; <u>however, standard is met by proof that appellant depends on public assistance. Rules App. Proc., Rule 40(a)(3)(D).</u>

<u>Evidence was uncontroverted that plaintiff was receiving governmental assistance to which she was legally entitled. Rules App.Proc., Rule 40(a)(3)(D).</u>

<u>To overcome prima facie showing, opposing party must offer evidence to rebut what has been established, and trial court is not free simply to disbelieve direct, positive evidence that establishes prima facie case.</u>

<u>Opposing parties bear burden of introducing some evidence that witness is not dependent on food stamps or that other funds are available,</u> and trier of fact is not permitted to disregard entirely word of witness that he is indigent. Rules App.Proc., Rule 40(a)(3)(D)

**This standard is consistent with the standard for an affidavit of inability to secure costs in the trial court. See Tex.R.Civ.P. 145. Rule 145 defines a "party who is unable to afford costs" as "a person who is presently receiving a governmental entitlement based on indigence or any other person who has no ability to pay costs."**

**Appellant was allowed to proceed pro se in the trial court under (essentially, the same) affidavit of indigence.**

# V
# Prayer

WHEREFORE, PREMISES CONSIDERED appellant prays that this Court:

1. Reverse Associate judge Ruiz's May 13th, '15 order/ruling sustaining the contest of indigence on grounds of "Abuse of Discretion".

# VI
# Alternative Prayer

WHEREFORE, PREMISES CONSIDERED appellant prays alternatively, that this Court of Appeals:

1. Overrule the trial court's May 13th, '15 order/ruling sustaining the contest of indigence; on grounds of "Abuse of Discretion".

2. Accede to an informal (T.R.A. P. # 2) Motion to Suspend the Rules; and admit "late filing" of this motion to extend time for review of order sustaining contest of indigence; and allow an extension of time (20 days) to file informal brief on this motion to extend time for review of order sustaining contest of indigence; pursuant to the trial courts issuance of findings of facts and conclusions of law.

3. Grant appellant any further relief to which appellant may be entitled in law and in equity.

Respectfully submitted,

Mr. Newell M. Evans - Pro se
206 Collins Rd.
Richmond, TX. 77469
Ph. # 281-341-6636
E-mail: The_Masterprogrammer@yahoo.com

Cause # 11-DCV-187877

| | | |
|---|---|---|
| NEWELL M. EVANS | ( | IN THE DISTRIST COURT |
| | ) | |
| *VS* | ( | 240th JUDICIAL DISTRICT |
| | ) | |
| THEODORE P. FULLER | ( | FORT BEND COUNTY, TEXAS |

Cause # 14-14-01019-CV

| | | |
|---|---|---|
| NEWELL M. EVANS | ) | In the 14th COURT of APPEALS |
| | ( | |
| *VS* | ) | Houston, Texas, Harris County |
| | ) | |
| THEODORE P. FULLER | ( | |

## MOTION FOR RECONSIDERATION
## OF
### ORDER SUSTAINING CONTEST OF INDIGENCE
### Alternatively
## MOTION TO EXTEND TIME FOR REVIEW
## OF
### ORDER SUSTAINING CONTEST OF INDIGENCE

# ORDER

ON this, the _____ day of _____ 20___, came on to be

considered appellant's motion for reconsideration of order sustaining contest of

indigence. (Alternatively, motion to extend time for review of order sustaining

contest of indigence; containing: Informal Motion For Suspension of Rules;

Informal motion to extend time for review of order sustaining contest of indigence); in the above-styled and numbered cause; and the Court, being satisfied that due notice of filing of such motion has been given, and after considering the pleadings, and arguments of counsel, is of the opinion that such motion should be granted.

IT IS ORDERED, that the appellant's motion for reconsideration of order sustaining contest of indigence. In the above-styled and numbered cause, be granted.

IT IS FURTHER ORDERED that order sustaining contest of indigence filed on May 13, '15, by Associate Judge Pedro Ruiz, is reversed.

IT IS FURTHER ORDERED that the Court's reporter/recorder provide the14th Court of Appeals –Houston, Texas, the "appellate record" requested by appellant; without cost.

_____
Judge Presiding

Date_____

Entered---Clerk of the 240th Judicial District Court, fort Bend County

Texas_____

Cause # 11-DCV-187877

| | | |
|---|---|---|
| NEWELL M. EVANS | ( | IN THE DISTRIST COURT |
| | ) | |
| *VS* | ( | 240th JUDICIAL DISTRICT |
| | ) | |
| THEODORE P. FULLER | ( | FORT BEND COUNTY, TEXAS |

Cause # 14-14-01019-CV

| | | |
|---|---|---|
| NEWELL M. EVANS | ) | In the 14th COURT of APPEALS |
| | ( | |
| *vs* | ) | Houston, Texas, Harris County |
| | ) | |
| THEODORE P. FULLER | ( | |

## MOTION FOR RECONSIDERATION
## OF
## ORDER SUSTAINING CONTEST OF INDIGENCE
### Alternatively
## MOTION TO EXTEND TIME FOR REVIEW
## OF
## ORDER SUSTAINING CONTEST OF INDIGENCE

# CERTIFICATE OF SERVICE AT LAST KNOWN ADDRESS

I hereby certify that a true and correct copy of the foregoing document(s) -

Appellant's (1) cover letter; (2) motion for reconsideration of order sustaining

contest of indigence; (3) Informal (T.R.A. P. # 2) motion to suspend the rules; and

to allow an extension of time (20 days) to file informal brief on this motion to

extend time for review of order sustaining contest of indigence; pursuant to the

trial courts issuance of findings of facts and conclusions of law; (4) Certificate of

Service at Last Known Address. Has been delivered to defendant, and all opposing

counsel and other parties who have made an appearance in this cause, at their

last known address.

By personal service to:

Theodore P. Fuller
% Cedillo, Paul Jr. Attorney at Law
2319 Avenue H
Rosenberg, Texas. 77471
Dated this the 1 - 3 day of June 2015.

By E-mail to:  Elizabeth.Wittu@fortbendcountytx.gov
By personal service at:
240th Judicial District Court
% (Judge Thomas R. Culver, III)
Court Coordinator – becky.fisher@fortbendcountytx.gov
Office: Fort Bend County Justice Center
1422 Eugene Heimann Circle
Courtroom: Room 3E

Respectfully,

Mr. Newell M. Evans- Pro se
206 Collins Rd.
Richmond, TX. 77469
Ph. # 281-341-6636
E-mail: The_Masterprogrammer@yahoo.com

Cause # 11-DCV-187877

| | | |
|---|---|---|
| NEWELL M. EVANS | ( | IN THE DISTRIST COURT |
| | ) | |
| *VS* | ( | 240th JUDICIAL DISTRICT |
| | ) | |
| THEODORE P. FULLER | ( | FORT BEND COUNTY, TEXAS |

Cause # 14-14-01019-CV

| | | |
|---|---|---|
| NEWELL M. EVANS | ) | In the 14th COURT of APPEALS |
| | ( | |
| *VS* | ) | Houston, Texas, Harris County |
| | ) | |
| THEODORE P. FULLER | ( | |

## MOTION FOR RECONSIDERATION
## OF
## ORDER SUSTAINING CONTEST OF INDEGENCE
## Alternatively
## MOTION TO EXTEND TIME FOR REVIEW
## OF
## ORDER SUSTAINING CONTEST OF INDIGENCE

To:   The Clerk of the District Court
      Fort Bend County, Texas.

From:  Newell M. Evans
       206 Collins Rd.
       Richmond, TX. 77469
       Ph. # 281-341-6636

Re:    MOTION FOR RECONSIDERATION of ORDER SUSTAINING CONTEST of INDIGENCE.

Dear Ms. Elloitt

How are you? I pray that you and yours are fine. We are Ok.

I'm submitting two (2) complete copies of appellant Newell M. Evans' motion for reconsideration of order sustaining contest of indigence. One for the Court; and one to be returned to me.

Please find for filing among these papers: (1) appellant Newell M. Evans' motion for reconsideration of order sustaining contest of indigence.
(2) Order; (3) Certificate of Service at Last Known Address.

Please stamp my copy of this appellant's motion for reconsideration of order sustaining contest of indigence and return it to me. Please, immediately send original to the Court. ASAP.

Thanks in advance for your customary assistance with this matter.

Respectfully submitted,

Mr. Newell M. Evans-Pro se
206 Collins Rd.
Richmond, TX. 77469
Ph. # 281-341-6636
The_Masterprogrammer@yahoo.com

Cause # 11-DCV-187877

| | | |
|---|---|---|
| NEWELL M. EVANS | ( | IN THE DISTRIST COURT |
| | ) | |
| VS | ( | 240th JUDICIAL DISTRICT |
| | ) | |
| THEODORE P. FULLER | ( | FORT BEND COUNTY, TEXAS |

Cause # 14-14-01019-CV

| | | |
|---|---|---|
| NEWELL M. EVANS | ) | In the 14th COURT of APPEALS |
| | ( | |
| VS | ) | Houston, Texas, Harris County |
| | ) | |
| THEODORE P. FULLER | ( | |

## MOTION FOR RECONSIDERATION
## OF
### ORDER SUSTAINING CONTEST OF INDIGENCE
**Alternatively**
### MOTION TO EXTEND TIME FOR REVIEW
### OF
### ORDER SUSTAINING CONTEST OF INDIGENCE

To the Honorable Judge Thomas R. Culver III, and to the Honorable Judges of the 14th Court of Appeals:

Now comes Newell M. Evans, here-in-after, referred to as appellant; moving

this District Court of Judge Thomas R. Culver III (240th Judicial District, Fort

Bend County); and to the Honorable Judges of the 14th Court of Appeals:

for reconsideration of order sustaining contest of indigence filed on May 13, '15,

by Associate Judge Pedro Ruiz. Alternatively, appellant moves this Court of

Appeals to admit "late filing" of this motion to extend time for review of order sustaining contest of indigence. (And, accede to an informal (T.R.A. P. # 2) Motion to Suspend the Rules; and to allow an Extension of Time (20 days) to File Informal Brief on this Motion to Extend Time for Review of Order Sustaining Contest of Indigence (pursuant to the trial courts issuance of findings of facts and conclusions of law); wherein, here-in-after, Theodore P. Fuller, is appellee. In support of this motion reconsideration of order sustaining contest of indigence filed on May 13, '15, by Associate Judge Pedro Ruiz. (And, alternatively, appellant moves this Court of Appeals to admit "late filing" of this motion to extend time for review of order sustaining contest of indigence (and, accede to an informal (T.R.A. P. # 2) Motion to Suspend the Rules; and to allow an Extension of Time (20 days) to File Informal Brief on this Motion to Extend Time for Review of Order Sustaining Contest of Indigence (pursuant to the trial courts issuance of findings of facts and conclusions of law)); appellant would show unto the Court(s) as follows.

I
PRELEMINARY MATTERS

**The relevant pleadings and exhibits submitted with/included in "First Amended of Notice of Intention to Appeal Denial of Motion for Reinstatement" (Filed with the Clerk of 14th Court of Appeals – Houston, Texas, on Dec. 29, '14); and Request for an Extension of Time to File Accelerated Appeal of Denial of Motion for Reinstatement (Filed with the**

<u>**Clerk of 14th Court of Appeals – Houston, Texas, on Mar. 30, '15); are hereby**</u>

<u>**adopted by reference; as if incorporated verbatim.**</u>

No extensions of time have previously been granted in this "Motion for Reconsideration; or alternative motion to Extend Time for Review of Order Sustaining Contest of Indigence."

This is not an appeal in a termination of parental right case; nor is it an appeal in child protection case.

Appellant believes that under 10.5(b)(1)(A) and 20.1(j)(2) of the T.R.A.P; that motion for review of order sustaining contest of indigence, should've been filed by May 24th, '15. But, appellant did not have actual knowledge of the "Written Order Sustaining Contest of indigence," until May 26. '15. Applying 10.5(b)(1)(A) and 20.1(j)(2) of the T.R.A.P; the motion for review of order sustaining contest of indigence, should be filed by June 08th, "15.

Appellant in this motion to extend time for review of order sustaining contest of indigence; by informal (T.R.A. P. # 2) motion to suspend the rules; beeches this 14th Court of Appeals to allow an extension of time (20 days) to file informal brief

on this motion to extend time for review of order sustaining contest of indigence; pursuant to the trial courts issuance of findings of facts and conclusions of law.

Appellant does not believe a conference with any opposing party should be required; as prerequisite to filing the motion for reconsideration/review.

## II
## Supervening Issue

This contest of indigence was tried to Associate Judge Pedro Ruiz; under District Court Judge Thomas R. Culver III (240th Judicial District, Fort Bend County).

As Associate Judge, Pedro Ruiz, takes pains to explain to litigants that his rulings are "appealable," to his immediate supervisor; 240th Judicial District Court Judge in Fort Bend County, Thomas R. Culver III.

So, appellant files this motion for reconsideration with that in mind. Appellant understands that under 20.1(j)(1) and (2) of the T.R.A.P; that "review," of order sustaining contest of indigence, should be by motion to the court of appeals; within 10 days after the order sustaining the contest is signed, or within 10 days after the notice of appeal is filed, whichever is later.

But, as stated, Associate Judge Pedro Ruiz, takes pains to explain to litigants that his rulings are "appealable," to his immediate supervisor; 240th Judicial District Court Judge in Fort Bend County, Thomas R. Culver III.

Consequently, appellant pray that this 14th Court of Appeals acknowledge receipt of appellant's "Motion for Review," of Associate judge Ruiz's May 13th, '15 order sustaining the contest of indigence. Then abate said motion; pending outcome of appellant's motion for reconsideration of Associate judge Ruiz's May 13th, '15 order sustaining the contest of indigence; by Judge Culver.

In the event that appellant's motion for reconsideration is "summarily denied," appellant's prays that the trial court would at least provide the appellate court with findings of fact, and conclusions of law; pursuant to Associate judge, Ruiz's May 13th, '15 order sustaining the contest of indigence.

III
Procedural Matters

**1. This contest of indigence was tried to Associate Judge, Pedro Ruiz; under District Court Judge, Thomas R. Culver III (240th Judicial District, Fort Bend County). After a continuance or two, the final hearing was held on May 07, '15. The written "Order Sustaining Contest of indigence," was issued on May**

**13, '15. Appellant did not have actual knowledge of the written "Order Sustaining Contest of indigence," until May 26. '15.** Appellant believes that under 10.5(b)(1)(A) and 20.1(j)(2) of the T.R.A.P; that motion for review of order sustaining contest of indigence, should've been filed by May 24th, '15. But, appellant did not have actual knowledge of the written "Order Sustaining Contest of indigence," until May 26. '15. Applying 10.5(b)(1)(A) and 20.1(j)(2) of the T.R.A.P; the motion for review of order sustaining contest of indigence, should be filed by June 08th, "15. If attainment of actual knowledge is not the criteria to use in determining the last day for filing motion for review of order sustaining contest of indigence, in the Court of Appeals, appellant beeches this court of appeals to admit "late filing" of this motion to extend time for review of order sustaining contest of indigence. (And, accede to an informal (T.R.A. P. # 2) motion to suspend the rules; and to allow an extension of time (20 days) to file informal brief on this motion to extend time for review of order sustaining contest of indigence; pursuant to the trial courts issuance of findings of facts and conclusions of law)).

IV
Grounds

**Appellant contends that this written "Order Sustaining Contest of indigence," issued on May 13, '15 should be over ruled on the grounds of "Abuse of Discretion". Because, the lower court admitted direct positive**

documentary evidence establishing a prima facie right to free "record." i.e. Appellant submitted and the court admitted documents showing that appellant was receiving food stamps/S.N.A.P. benefits; and supplemental security income/S.S.I. (based on disability). And, this evidence was uncontroverted, the opposing party offered no evidence to rebut the prima facie showing that was established. As best appellant can determine trial court chose simply to disbelieve direct, positive evidence that established the prima facie case for appellant's right to free "record." Which, in the humble opinion of appellant, should be sufficient grounds to overrule the decision of the trial court for "Abuse of Discretion".

934 S.W.2d 349

Supreme Court of Texas.

GRIFFIN INDUSTRIES, INC., Larry Findley, Fermin Carlos Garza, David Gonzales, Russell McNorton, and Henry Villarreal, Relators,

v.

THE HONORABLE THIRTEENTH COURT OF APPEALS, Respondent.

No. 96–0101.

Argued April 18, 1996.Decided Nov. 15, 1996.

Under provision of Rules of Appellate Procedure governing appeals by indigent parties, burden of proof at hearing on contest to affidavit of inability to pay costs rests on appellant to sustain allegations in affidavit, and appellant must prove that she could not pay costs of appeal if really wanted to and made good faith effort to do so; however, standard is met by proof that appellant depends on public assistance. Rules App. Proc., Rule 40(a)(3)(D).

Evidence was uncontroverted that plaintiff was receiving governmental assistance to which she was legally entitled. Rules App.Proc., Rule 40(a)(3)(D).

To overcome prima facie showing, opposing party must offer evidence to rebut what has been established, and trial court is not free simply to disbelieve direct, positive evidence that establishes prima facie case.

Opposing parties bear burden of introducing some evidence that witness is not dependent on food stamps or that other funds are available, and trier of fact is not permitted to disregard entirely word of witness that he is indigent. Rules App.Proc., Rule 40(a)(3)(D)

**This standard is consistent with the standard for an affidavit of inability to secure costs in the trial court. See Tex.R.Civ.P. 145. Rule 145 defines a "party who is unable to afford costs" as "a person who is presently receiving a governmental entitlement based on indigence or any other person who has no ability to pay costs."**

**Appellant was allowed to proceed pro se in the trial court under (essentially, the same) affidavit of indigence.**

## V
## Prayer

WHEREFORE, PREMISES CONSIDERED appellant prays that this Court:

1. Reverse Associate judge Ruiz's May 13th, '15 order/ruling sustaining the contest of indigence on grounds of "Abuse of Discretion".

## VI
## Alternative Prayer

WHEREFORE, PREMISES CONSIDERED appellant prays alternatively, that this Court of Appeals:

1. Overrule the trial court's May 13th, '15 order/ruling sustaining the contest of indigence; on grounds of "Abuse of Discretion".

2. Accede to an informal (T.R.A. P. # 2) Motion to Suspend the Rules; and admit "late filing" of this motion to extend time for review of order sustaining contest of indigence; and allow an extension of time (20 days) to file informal brief on this motion to extend time for review of order sustaining contest of indigence; pursuant to the trial courts issuance of findings of facts and conclusions of law.

3. Grant appellant any further relief to which appellant may be entitled in law and in equity.

Respectfully submitted,

Mr. Newell M. Evans – Pro se
206 Collins Rd.
Richmond, TX. 77469
Ph. # 281-341-6636
E-mail: The_Masterprogrammer@yahoo.com

Cause # 11-DCV-187877

| | | |
|---|---|---|
| NEWELL M. EVANS | ( | IN THE DISTRIST COURT |
| | ) | |
| *VS* | ( | 240th JUDICIAL DISTRICT |
| | ) | |
| THEODORE P. FULLER | ( | FORT BEND COUNTY, TEXAS |

Cause # 14-14-01019-CV

| | | |
|---|---|---|
| NEWELL M. EVANS | ) | In the 14th COURT of APPEALS |
| | ( | |
| *VS* | ) | Houston, Texas, Harris County |
| | ) | |
| THEODORE P. FULLER | ( | |

## MOTION FOR RECONSIDERATION
## OF
### ORDER SUSTAINING CONTEST OF INDIGENCE
### Alternatively
### MOTION TO EXTEND TIME FOR REVIEW
### OF
### ORDER SUSTAINING CONTEST OF INDIGENCE

# ORDER

ON this, the _____ day of _____ 20___, came on to be

considered appellant's motion for reconsideration of order sustaining contest of

indigence. (Alternatively, motion to extend time for review of order sustaining

contest of indigence; containing: Informal Motion For Suspension of Rules;

Informal motion to extend time for review of order sustaining contest of indigence); in the above-styled and numbered cause; and the Court, being satisfied that due notice of filing of such motion has been given, and after considering the pleadings, and arguments of counsel, is of the opinion that such motion should be granted.

IT IS ORDERED, that the appellant's motion for reconsideration of order sustaining contest of indigence. In the above-styled and numbered cause, be granted.

IT IS FURTHER ORDERED that order sustaining contest of indigence filed on May 13, '15, by Associate Judge Pedro Ruiz, is reversed.

IT IS FURTHER ORDERED that the Court's reporter/recorder provide the14th Court of Appeals —Houston, Texas, the "appellate record" requested by appellant; without cost.

_____
Judge Presiding

Date_____

Entered---Clerk of the 240th Judicial District Court, fort Bend County

Texas_____

Cause # 11-DCV-187877

| NEWELL M. EVANS | ( | IN THE DISTRIST COURT |
|---|---|---|
| | ) | |
| *VS* | ( | 240th JUDICIAL DISTRICT |
| | ) | |
| THEODORE P. FULLER | ( | FORT BEND COUNTY, TEXAS |

Cause # 14-14-01019-CV

| NEWELL M. EVANS | ) | **In the 14th COURT of APPEALS** |
|---|---|---|
| | ( | |
| *VS* | ) | **Houston, Texas, Harris County** |
| | ) | |
| THEODORE P. FULLER | ( | |

## MOTION FOR RECONSIDERATION
## OF
### ORDER SUSTAINING CONTEST OF INDIGENCE
### Alternatively
## MOTION TO EXTEND TIME FOR REVIEW
## OF
### ORDER SUSTAINING CONTEST OF INDIGENCE

# CERTIFICATE OF SERVICE AT LAST KNOWN ADDRESS

I hereby certify that a true and correct copy of the foregoing document(s) -

Appellant's (1) cover letter; (2) motion for reconsideration of order sustaining

contest of indigence; (3) Informal (T.R.A. P. # 2) motion to suspend the rules; and

to allow an extension of time (20 days) to file informal brief on this motion to

extend time for review of order sustaining contest of indigence; pursuant to the trial courts issuance of findings of facts and conclusions of law; (4) Certificate of Service at Last Known Address. Has been delivered to defendant, and all opposing counsel and other parties who have made an appearance in this cause, at their last known address.

By personal service to:

Theodore P. Fuller
℅ Cedillo, Paul Jr. Attorney at Law
2319 Avenue H
Rosenberg, Texas. 77471
Dated this the 1 - 3 day of June 2015.

By E-mail to: Elizabeth.Wittu@fortbendcountytx.gov
By personal service at:
240th Judicial District Court
℅ (Judge Thomas R. Culver, III)
Court Coordinator – becky.fisher@fortbendcountytx.gov
Office: Fort Bend County Justice Center
1422 Eugene Heimann Circle
Courtroom: Room 3E

Respectfully,

Mr. Newell M. Evans- Pro se
206 Collins Rd.
Richmond, TX. 77469
Ph. # 281-341-6636
E-mail: The_Masterprogrammer@yahoo.com